**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

HAROLD ORTIZ-GRAULAU,

   **Petitioner,**

    v.

UNITED STATES OF AMERICA

   **Respondent.**

**CIVIL NO.** 09-1387(JAG)

**REL. CRIM. NO.** 05-231(JAG)


**OPINION AND ORDER**

GARCÍA-GREGORY, D.J.

  Pending before the Court is petitioner Harold Ortiz-Graulau's ("Petitioner" or "Ortiz-Graulau") motion requesting post-conviction relief pursuant to 28 U.S.C. § 2255. (Docket Nos. 1, 33). For the reasons outlined below, the motion is hereby DENIED.


**BACKGROUND**

  Between November 2004 and May 2005, Ortiz-Graulau, a thirty-eight year old male, and Sheila Morales Negrón ("SMN") were in a public, consensual sexual relationship. (Docket No. 42 at 2). At the time, SMN was fourteen years old. (Id.). Their relationship, however, was legal under Puerto Rico law. See P.R.

**CIVIL NO.** 09-1387(JAG)                                                                2

Laws Ann. tit. 33, § 4061(a) (2002) (repealed 2004) (establishing that the age of consent was fourteen).[1]

On various occasions, Petitioner and SMN had film developed at a Walgreens drugstore in San Germán, Puerto Rico.[2] (Crim. Docket No. 28 at 2). The store manager contacted the local authorities after seeing the content of the photographs. (Id.). During a search of Ortiz-Graulau's home, 50 photographs were found where SMN appeared engaging in sexually explicit conduct, either by herself or with Petitioner. United States v. Ortiz-Graulau, 526 F.3d 16, 18 (1st Cir. 2008). Ortiz-Graulau was arrested on June 23rd, 2005. (See, e.g., Docket No. 33 at 1).

On October 12th, 2005, a federal grand jury sitting in this district issued a two-count superseding indictment. Ortiz-Graulau, 526 F.3d at 18. Ortiz-Graulau was charged with possessing sexually explicit photographs of a minor, in violation to 18 U.S.C. § 2252(a)(4)(B) ("count one"); and with exploiting a minor for the purpose of producing sexually explicit photographs, in violation of 18 U.S.C. § 2251(a) ("count two"). Id.

---

[1] Because of the nature of Petitioner's main claim, that his counsel provided him with ineffective assistance at the trial and appellate levels, the Court deems it proper to provide a detailed procedural background.
[2] All citations made to the criminal docket refer to Criminal No. 05-231(JAG).

**CIVIL NO.** 09-1387(JAG)                                                      3

Petitioner attempted to have the indictment dismissed on two separate occasions. (See Crim. Docket Nos. 21, 51). In his first motion to dismiss, Ortiz-Graulau argued that 18 U.S.C. § 2252(a)(4)(B) was unconstitutional as applied to the facts of his case. (Crim. Docket No. 21 at 1). Specifically, Petitioner argued that he and SMN had been living as husband and wife for about a year; that he possessed the sexually explicit photographs, taken in the privacy of a marital relationship, only for personal use; and that, therefore, prosecution under the statute infringed upon his right to privacy. (See id.). This motion was denied for two reasons. (See Crim. Docket No. 28). First, the Court concluded that the legality of Petitioner's relationship with the minor under Puerto Rico law did not preclude prosecution under federal law. (Id. at 4-5). Secondly, the Court concluded that the privacy rights afforded to married couples could not be extended to SMN and Ortiz-Graulau's relationship; that is, constitutional privacy protections did not extend to a relationship between an adult male and a female minor who were not legally married. (Id. at 6).

On October 31st, 2005, the United States of America ("Government" or "United States") filed a motion in limine pursuant to Fed. R. Crim. P. 12(b). (Crim. Docket No. 31). Therein, the Government asked the Court to exclude all evidence regarding Puerto Rico's age of consent, as well as evidence

regarding SMN and Ortiz-Graulau's quasi-marital relationship. (Id. at 1). The Government argued that, because having reached Puerto Rico's age of consent is not a defense to the federal offenses with which petitioner was charged, such evidence was irrelevant and had to be excluded under FED. R. EVID. 402. (Id. at 3-5). The Government then argued that having a marital-like relationship was not a defense and, thus, evidence related thereto must similarly be excluded. (Id. at 5). Alternatively, the United States contended that the evidence's probative value would be substantially outweighed by the danger of undue delay and jury confusion. (Id. (citing FED. R. EVID. 403)). After holding a pretrial conference, the Court granted the United States' motion in limine on December 12th, 2005.[3] (Crim. Docket No. 34).

    That same day, Ortiz-Graulau submitted a proffer of proof. (Crim. Docket No. 42). For appeal purposes, Petitioner

---

[3] Petitioner opposed the United States' motion on five grounds. (Crim. Docket No. 32). He first argued that it was the jury's role to determine what kind of relationship existed between himself and SMN. (Id. at 1). Then, Petitioner stated that "[such] evidence [was] not only relevant, but to disallow it [would be] extremely prejudicial." (Id.). His third argument was that "[t]he crime charged [was] already hideous enough to allow the jury to go further than the actual facts." (Id.). Then, Petitioner stated that it was the task of the defense to prove the type of relationship that he had with SMN, as well as the "impact, if any, that ha[d] on the crimes charged." (Id. at 2). Finally, Ortiz-Graulau argued that evidence regarding his relationship with SMN "[went] directly to the element of knowledge in 18 U.S.C. § 2251(a)." (Id.).

established that two of his relatives, two neighbors, as well as two of SMN's relatives would have been called by the defense to testify as to the nature of his relationship with SMN. (Id. at 2). Furthermore, Petitioner proffered that the age of consent in Puerto Rico was fourteen at the time the pictures were taken. (Id.). Finally, the proffer shows that the Court granted that SMN be subpoenaed to testify outside the hearing of the jury. (Id.). Shortly thereafter, Ortiz-Graulau pled guilty to count one of the indictment. (Crim. Docket Nos. 43, 44). He would face trial on the production count alone. Id.

Petitioner also filed his own motions in limine. (See Crim. Docket Nos. 33, 50). In the first one, Petitioner sought to exclude from the evidence his admission to drug use and information on any prior arrest or drug conviction. (Crim. Docket No. 33 at 1 (citing FED. R. EVID. 401, 403)). At the above-referenced pretrial conference, this motion was discussed. (Crim. Docket No. 34). There, Petitioner also asked the Court to appoint a tutor for the minor and that his counsel be allowed to interview her. (Id.). The motion was denied. (Id.).

In his second motion in limine, Petitioner asked the Court to exclude evidence of his and SMN's specific ages. (Crim. Docket 33 at 1). He argued that, with regard to the charges, the only relevant information was that SMN was under the age of

CIVIL NO. 09-1387(JAG)                                                6

eighteen, a fact to which Petitioner was willing to stipulate.[4] (Id.). Furthermore, Ortiz-Graulau argued that presenting evidence to the jury of the large difference in age between him and SMN would be unduly prejudicial, and should not be permitted pursuant to FED. R. EVID. 403. (Id.). In their opposition, the United States stated that they would satisfy the age element of the statute by introducing SMN's birth certificate and the testimony of witnesses. (Crim. Docket No. 54 at 2). Similarly, the United States argued that evidence of the large age difference was necessary to establish Petitioner's control over SMN, and how he was able to "use, induce, or persuade" her to engage in sexually explicit conduct.[5] (Id.). Petitioner's second motion in limine was argued and denied at trial. (See Crim. Docket Nos. 57, 89).

Petitioner filed his second motion to dismiss on December 14th, 2005. (Crim. Docket No. 51). He asked the Court to dismiss the production count of the indictment, arguing that that the wording used therein did not describe an actionable crime and

---

[4] "'[M]inor' means any person under the age of eighteen years." 18 U.S.C. § 2256.

[5] Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e)…. 18 U.S.C. § 2251(a).

CIVIL NO. 09-1387(JAG)                                                    7

failed to inform Ortiz-Graulau of the charge against him.[6] (Id.
at 3). Therefore, Petitioner continued, there was an error of
substance that warranted dismissal with prejudice. (Id.). The
Government opposed the motion, arguing that the indictment
adequately charged Petitioner with a violation of 18 U.S.C. §
2251(a), and that, in any case, the motion was submitted late
considering that trial had already begun. (Crim. Docket No. 55
at 1-2). This motion was also argued and denied at trial. (See
Crim. Docket Nos. 57, 89). The Court ruled that it should have
been timely filed but, even if it had been, the indictment
merely contained an error of form, and it provided sufficient
notice of the charge against Petitioner. (Crim. Docket No. 89 at
6).

On December 21st, 2005, following a four-day trial,
Petitioner was found guilty and convicted on the production
count. (Crim. Docket No. 62). He moved for acquittal pursuant to
Fed. R. Crim. P. 29, arguing that the evidence presented was
insufficient to sustain his conviction under 18 U.S.C. §
2251(a). (Crim. Docket No. 68 at 2). Specifically, Ortiz-Graulau
argued that no direct or circumstantial evidence was introduced

---

[6] Petitioner referred specifically to the following sentence of
the indictment: "for the purpose of producing a visual depiction
of such *photograph*, that is, still photographic images…." (Crim.
Docket No. 51 at 1). His argument was that the statute
criminalizes producing a visual depiction of sexually explicit
conduct, not producing a visual depiction of a photograph. (Id.
at 3).

to show that he acted with the specific intent to do something
that the law forbids. (<u>Id.</u> at 2-3). He then claimed that the
United States failed to prove that Petitioner had employed,
persuaded, induced, enticed, coerced or used SMN.[7] (<u>Id.</u> at 3).
Finally, Petitioner argued that evidence was also lacking as to
his intention to introduce the pictures in interstate commerce.
(<u>Id.</u> at 5).

Alternatively, Petitioner moved for a new trial pursuant to
Fed. R. Crim. P. 33. (<u>Id.</u> at 5-7). First, Petitioner argued that
not having information as to the legality of his and SMN's
relationship could have misled the jury. (<u>Id.</u> at 6). Petitioner
then argued that there was no case law to support the conclusion
that consent is not a defense to the production count. (<u>Id.</u>).
Third, the Court did not allow SMN to testify on her
relationship with Petitioner, and the proffer of proof was also
very limited. (<u>Id.</u>). Fourth, Petitioner argued that the Court did
not allow the jury, for the purposes of finding intent, to
consider his statement that the pictures were not child
pornography. (<u>Id.</u>). Finally, Petitioner contended that the

---

[7] Petitioner's argument was that the word use, within the meaning
of the statute, requires deception of the minor. (Crim. Docket
No. 68 at 3-5). Merely requiring that the minor appear in the
picture, Petitioner continued, would render the other categories
listed in § 2251(a) meaningless. (<u>Id.</u> at 5).

CIVIL NO. 09-1387(JAG)                                                              9

introduction of his guilty plea to count one was unduly prejudicial. (Id. at 7).

The Court denied Petitioner's motion. (Crim. Docket No. 73). The Court first held that, because the only intent required under § 2251(a) is that of producing a visual depiction of a minor engaged in sexually explicit conduct, Petitioner's knowledge as to the unlawfulness of his acts was irrelevant. (Id. at 3). The Court then adopted an ordinary-meaning interpretation of the word use, which does not require that the minor be deceived, and held that there was sufficient evidence to establish all the elements of the production offense. (Id. at 5). With regard to Petitioner's rule 33 motion, the Court held that there was no prejudice in excluding evidence regarding SMN's consent, given that the statute does not mention consent as an appropriate defense to the charge of production. (Id. at 6-7). Finally, the Court held that there was no prejudice in admitting into evidence Petitioner's guilty plea to the possession count. (Id. at 7). Therefore, there was no need for a new trial. (Id. at 8).

Petitioner appealed. Ortiz-Graulau, 526 F.3d at 16. There, he raised three arguments: (1) that the evidence was insufficient to prove the production count; (2) that his plea to the possession count was improperly admitted at trial; and (3) that the sentence on the possession count "was not adequately

CIVIL NO. 09-1387(JAG)                                                        10

justified by the judge."[8] Id. at 18. On May 20th, 2008, the United States Court of Appeals for the First Circuit rendered its judgment affirming petitioner's conviction. Id.

Concerning the sufficiency of the evidence, the First Circuit understood Petitioner had made two separate arguments. Id. at 18-19. The first argument was that the United States failed to prove Ortiz-Graulau had "employed or used SMN, let alone enticed or coerced her, to engage in sexual activity." Id. The First Circuit stated that "[e]vidence is indeed lacking as to the detailed circumstances surrounding SMN's conduct and the taking of the photographs." Id. at 18. However, "[g]iven the difference in ages… and the fact that Ortiz[-Graulau] participated in some of the sexual contact and admitted to taking the photographs, the jury could reasonably infer that it was [him] who instigated at least some of the conduct."[9] Id. at 19.

Petitioner's second argument was that there was no evidence proving "that [the] sexual acts or poses were performed in order to make photographs, [or that they] were [] done with the aim of peddling or displaying the pictures to others." Id. The First

---

[8] The last argument will not be addressed by the Court, given that it is not relevant with regard to Petitioner's § 2255 motion.

[9] The First Circuit further stated that, because the argument was not raised on appeal, "[w]hether something less than instigation might suffice [did not need to] be decided." 526 F.3d at 19.

CIVIL NO. 09-1387(JAG)                                                11

Circuit concluded that given "the number of photographs [and] many of sexually explicit poses… a jury could infer that at least some of the sexual conduct occurred in order to make a depiction of it." Id. The Circuit also held that the statute only requires the making of a visual depiction, thus dismissing the argument that Petitioner took the photographs for private use only.[10] Id.

Ortiz-Graulau raised a number of other arguments concerning the evidence at trial. Id. at 19-21. With regard to the exclusion of evidence of Petitioner and SMN's relationship, the First Circuit cautioned that Congress likely did not intend to criminalize conduct that, despite falling within the plain language of the statute, occurred within the confines of marriage. Id. at 19. Nevertheless, the Circuit noted that Petitioner and SMN were not married and, in any case, the argument was not properly developed. Id. at 20.

After finding that the evidence was sufficient to sustain Petitioner's conviction, however, the First Circuit went on to assert that "SMN was perfectly entitled to testify as to *facts* bearing directly on a specific *statutory* element, namely, whether Ortiz[-Graulau] 'employed, used, persuaded, induced,

---

[10] The First Circuit reasoned that a ban that includes taking photographs for private use is compatible with the statute's purpose of preventing the exploitation of children. Ortiz-Graulau, 526 F.3d at 19.

CIVIL NO. 09-1387(JAG)                                                   12

enticed or coerced' her." Id. Nevertheless, the Circuit
explained that "SMN's view on whether she was 'used' or
'employed' would be of little legitimate help;" only "factual
information about who suggested the photographs and the conduct
being photographed and related background" would be relevant.
Id. at 20 n.4. Because this error was not objected to on appeal,
the First Circuit advised that a proceeding under 28 U.S.C. §
2255 would be appropriate. Id. at 21.

        Following the First Circuit's recommendation, Petitioner
filed a motion requesting post-conviction relief pursuant to 28
U.S.C. § 2255. (Docket Nos. 1, 33). Petitioner rests his motion
on four grounds: (1) that the district court did not allow him
to present a defense; (2) that counsel provided him with
ineffective assistance; (3) that the prosecution failed to prove
a federal criminal offense; and (4) that Ortiz-Graulau was
actually innocent. (Docket Nos. 33, 50).


                              **STANDARD OF LAW**
        Under 28 U.S.C. § 2255, Petitioner may request post-
conviction relief on the following grounds: (1) that his
sentence violates "the Constitution or laws of the United
States;" (2) "that the court was without jurisdiction to impose
such sentence;" (3) "that the sentence [i]s in excess of the
maximum authorized by law;" or (4) that it "is otherwise subject
to collateral attack." Hill v. United States, 368 U.S. 424, 426-

                                 -12-

CIVIL NO. 09-1387(JAG)                                                    13

27 (1962) (internal quotations marks omitted) (quoting 28 U.S.C.
§ 2255); Knight v. United States, 37 F.3d 769, 774 (1st Cir.
1994).

    Nevertheless, "[i]ssues resolved by a prior appeal will not
be reviewed again by way of a 28 U.S.C. § 2255 motion." Murchu
v. United States, 926 F.2d 50, 55 (1st Cir. 1991) (internal
quotation marks omitted) (quoting Dirring v. United States, 370
F.2d 862, 864 (1st Cir. 1967)). Similarly, "[a] significant bar
on [post-conviction] relief is imposed when a prisoner did not
raise claims at trial or on direct review." Owens v. United
States, 483 F.3d 48, 56 (1st Cir. 2007) (citing United States v.
Frady, 456 U.S. 152, 168 (1982)); Knight, 37 F.3d at 774. Absent
a showing of cause for having procedurally defaulted his claims
as well as a showing of actual prejudice, "failure to raise a
constitutional issue on direct appeal will bar raising the issue
on collateral attack." Knight, 37 F.3d at 774 (citing Coleman v.
Thompson, 501 U.S. 722, 750 (1991)). Nevertheless, the cause and
prejudice standard does not apply to claims of ineffective
assistance of counsel, which are appropriately addressed in §
2255 proceedings. Knight, 37 F.3d at 774 (citing Brien v. United
States, 695 F.2d 10, 13 (1st Cir. 1982)).

    When considering a § 2255 petition, "a district court must
grant an evidentiary hearing on the prisoner's claims unless
'the motion and the files and records of the case conclusively

CIVIL NO. 09-1387(JAG)                                           14

show that the prisoner is entitled to no relief.'" Owens, 483
F.3d at 56-57. Petitioner's allegations are to be taken "as
true, except to the extent that they are contradicted by the
record or are inherently incredible, and to the extent that they
are merely conclusions rather than statements of fact." Otero-
Rivera v. United States, 494 F.2d 900, 902 (1st Cir. 1974)
(quoting Domenica v. United States, 292 F.2d 483, 484 (1st Cir.
1961)). "The question, then, is whether, assuming [petitioner]'s
allegations to be true, he would be entitled to relief." De
Vincent v. United States, 602 F.2d 1006, 1009 (1st Cir. 1979)
(citing Machibroda v. United States, 368 U.S. 487, 493 (1962)).
"If not, the denial of his motion without a hearing was proper."
Id. (citing Miller v. United States, 564 F.2d 103, 106-07 (1st
Cir. 1977)).

    Because Petitioner's trial was conducted before this Court,
"the judge is at liberty to employ the knowledge gleaned during
previous proceedings and make findings based thereon without
convening an additional hearing." United States v. McGill, 11
F.3d 223, 225 (1st Cir. 1993).

## DISCUSSION
    Petitioner rests his § 2255 motion on four grounds: (1)
that the Court did not allow him to present a defense; (2) that
his counsel provided him with ineffective assistance; (3) that
the United States failed to prove a federal criminal offense;

-14-

and (4) that Ortiz-Graulau was actually innocent. (Docket Nos. 33, 50). The Court shall first address Petitioner's ineffective assistance of counsel claim.

### 1.    Ineffective Assistance of Counsel

To succeed on his claim of ineffective assistance of counsel, Petitioner must satisfy the Strickland two-prong test. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner "must show that counsel's performance was deficient." Id. Then, he must show that "the deficient performance prejudiced the defense." Id.

For counsel's performance to be deficient under Strickland, it must fall below "an objective standard of reasonableness." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (internal quotation marks omitted) (quoting Strickland, 466 U.S. at 688). "Judicial scrutiny of counsel's performance must be highly deferential" to escape "the distorting effects of hindsight." Strickland, 466 U.S. at 689. Moreover, courts must assess counsel's reasonableness in consideration of "prevailing professional norms." Id. at 688-89. Petitioner "must overcome the presumption that… the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, "[the First Circuit] has held that a lawyer's performance is deficient under Strickland 'only

where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it.'" Tevlin, 621 F.3d at 66 (quoting Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)).

Concerning Strickland's prejudice prong, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (citing Porter v. McCollum, 130 S.Ct. 447, 453 (2009)). "Although he need not show 'that counsel's deficient conduct more likely than not altered the outcome' of his proceeding, [Petitioner] must establish 'a probability sufficient to undermine confidence in [that] outcome.'" Id. (citing Porter, 130 S.Ct. at 455-56).

### a.    Counsel's Performance at Trial

Ortiz-Graulau argues that various aspects of his attorney's performance at trial amounted to ineffective assistance. (See Docket No. 33). First, Petitioner contends that counsel failed to develop his "only line of defense," that the element of exploitation was lacking, from the beginning of the case. (Id. at 17). Secondly, Petitioner maintains that counsel provided him with ineffective assistance when he responded with a two-page opposition to the United States' motion in limine to exclude all evidence of the marital-like relationship. (Id. at 19). This, in

CIVIL NO. 09-1387(JAG)                                          17

turn, resulted in the Court's exclusion "of factual support for the nature and circumstances of the relationship between [Ortiz-Graulau] and SMN" at trial, which prevented "the defense [from] explain[ing] to the jury why and how the photos were taken, and even whose idea it was to take them in the first place." (Id. at 20-21). Third, Petitioner contends that counsel failed to argue that the fact that the sexual relationship between SMN and Ortiz-Graulau was legal under Puerto Rico law "undermines the statutory element of exploitation." (Id. at 23). Fourth, Petitioner argues that his "effort to invite jury nullification" was an overt dereliction of his duty as counsel. (Id. at 24 (quoting Ortiz-Graulau, 526 F.3d at 16)). Finally, Petitioner contends that counsel's assistance was deficient given that he failed to call witnesses and "introduce readily-available evidence that would have corroborated [the line of defense of non-exploitation], and [that] there was no plausible strategic reason for not doing so." (Id. at 25). Petitioner accordingly concludes that he was "prejudiced by the [C]ourt's rulings and his counsel's failures" to the point that "he received an unfair trial." (Id. at 26).

Petitioner's arguments are contradicted by the record and, thus, fail to overcome the presumption that his counsel's performance fell within the range of reasonable professional assistance. The Court recalls Petitioner's counsel as very

-17-

diligent, filing several motions on Petitioner's behalf. In contrast to Petitioner's assertions, counsel argued on various occasions that Petitioner did not use, employ, entice, persuade, induce or coerce SMN. (See, e.g., Crim. Docket Nos. 62, 89). Similarly, he ardently argued against the exclusion at trial of SMN's testimony and evidence of the marital-like relationship. (See, e.g., Crim. Docket Nos. 32, 89). Moreover, when the Court granted the United States' motion in limine, counsel submitted a proffer of proof to preserve the excluded testimony on appeal. (Crim. Docket No. 42). Counsel moved for acquittal under FED. R. CRIM. P. 29 and, alternatively, for a new trial under FED. R. CRIM. P. 33 after Petitioner was convicted. (Crim. Docket No. 62). There, counsel contested the sufficiency of the evidence presented at trial, and argued that the admission and exclusion of specific pieces of proof had been unduly prejudicial to Petitioner's defense. (Id.).

Again, the First Circuit has held that for an attorney's choices to be deficient under Strickland, they must have been "patently unreasonable." Tevlin, 621 F.3d at 66 (quoting Knight, 447 F.3d at 15). Counsel's behavior at the trial level does not fit this description. That the defense "was ultimately unsuccessful does not mean that [counsel's] performance was unconstitutionally deficient." United States v. Valerio, 676 F.3d 237, 248 (1st Cir. 2012).

CIVIL NO. 09-1387(JAG)                                                    19

Because Petitioner has failed to satisfy the first prong, the Court will not continue the <u>Strickland</u> analysis with regard to his counsel's performance at the trial level. <u>See</u>, <u>e.g.</u>, <u>Tevlin</u>, 621 F.3d at 66 ("A defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong.").

### b.   Counsel's Performance on Appeal

Petitioner maintains that his attorney's performance on appeal also amounted to ineffective assistance. (<u>See</u> Docket No. 33). Although Ortiz-Graulau failed to enumerate specific actions of counsel and explain how these were deficient and prejudiced the outcome of his case on appeal, the First Circuit opinion is informative in that regard. (<u>See</u> <u>id.</u>).

To start with, Petitioner did not properly develop the argument that, because evidence was lacking as to "the circumstances surrounding SMN's conduct and the taking of the photographs," the United States' proof was insufficient to show Ortiz-Graulau employed, used, persuaded, induced, enticed, or coerced SMN. <u>Ortiz-Graulau</u>, 526 F.3d at 18. Nevertheless, the First Circuit went on to hold that the evidence was sufficient to sustain Petitioner's conviction and, accordingly, affirmed it. <u>Id.</u> at 19.

CIVIL NO. 09-1387(JAG)                                    20

Petitioner similarly failed to develop the argument that his lawful, marriage-like relationship with SMN could be the kind of conduct not within the likely purview of Congress when it enacted 18 U.S.C. § 2251(a). Id. at 20. More specifically, the First Circuit complained about Petitioner's conclusory statement that evidence of the relationship should have been allowed, without ever expounding how such evidence might have related to "any defensible reading of the statute."[11] Id.

Finally, the First Circuit was most alarmed by Petitioner's failure to object on appeal to a ruling of this Court, which excluded from the proffer of proof SMN's testimony concerning the circumstances surrounding the taking of the photographs. Id. The Circuit stated that this ruling, if it happened so as to not contradict the granting of the United States' motion in limine, was "arguably a mistake." Id. It further explained that "SMN was perfectly entitled to testify as to *facts* bearing directly on a specific *statutory* element, namely, whether Ortiz[-Graulau] 'employ[ed], use[d], persuade[d], induce[d], entice[d], or coerce[d]' [SMN] in the conduct that was then photographed." Id. That is, SMN could have "properly offer[ed] [] factual information about who suggested the photographs and the conduct being photographed and related background." Id. at 20 n.4. Given

---

[11] The First Circuit further stated that "[a]s presented, the argument looks simply like an effort to invite jury nullification." Ortiz-Graulau, 526 F.3d at 20.

these failures, the Circuit suggested that Petitioner bring this § 2255 motion. Id. at 21.

The core of the First Circuit's concerns seems to be the scarcity of the evidence on the circumstances surrounding the taking of the photographs and, particularly, the exclusion of SMN's testimony as to these circumstances.[12] Nevertheless, even assuming that no competent attorney would have allowed this exclusion, and that counsel's performance in this regard was patently unreasonable, the result of the trial would not have been different had SMN testified. Therefore, with regard to his performance on appeal, Petitioner's ineffective assistance of counsel claim fails.

Section 2251(a) states, in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e)….

18 U.S.C. § 2251(a). The statute does not define the terms employ, use, persuade, induce, entice, or coerce. However, the plain meaning canon of interpretation dictates that "[s]tatutory words are… to be used in their ordinary and usual sense, and with the meaning commonly attributed to them." Caminetti v.

_____
[12] This is indeed puzzling, especially in view of the Circuit's affirmance of Ortiz-Graulau's conviction.

CIVIL NO. 09-1387(JAG)                                                    22

*United States*, 242 U.S. 470, 485-86 (1917). Accordingly, in our memorandum and order denying Petitioner's Rule 29 motion, this Court adopted an ordinary meaning of the word use. (Crim. Docket No. 73 at 4). Specifically, we held that, in the context of § 2251(a), the verb use means "[to] employ[] or avail[] oneself of the use of a minor in order to create a visual depiction of sexually explicit conduct."[13] (*Id.* at 4 (citing *United States v. Sirois*, 87 F.3d 34, 41 (2nd Cir. 1996) (holding that the active requirement of the term use is met when "[a] minor serves as the subject of [sexually explicit] photography"))).

---

[13] This interpretation of use is certainly broad, arguably swallowing up the other terms listed in the statute and contradicting the presumption that every statutory word captures a distinct meaning. *See*, *e.g.*, *United States v. Ven-Fuel, Inc.*, 758 F.2d 741, 751-52 (1st Cir. 1985) ("All words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous."). Nevertheless, in rejecting both a facial and an as-applied challenge to § 2251(a), the First Circuit noted that the purpose of Congress in enacting this statute was to "eliminate the market for the sexual exploitative use of children." *United States v. Morales-De Jesús*, 372 F.3d 6, 16-18 (1st Cir. 2004) (internal quotations omitted). Therefore, the Circuit held that the statute "reache[d] intrastate activity that substantially affect[ed] the interstate child pornography market," and was therefore "a valid exercise of Congress's Commerce Clause power." *Id.* at 16-17. Adopting an ordinary meaning of the word use also furthers Congress's purpose of eliminating the child pornography market. A definition of the word use that requires enticement or instigation would leave out of Congress's reach conduct by predators savvy enough to seek out situations in which it would be difficult to accumulate such evidence.

CIVIL NO. 09-1387(JAG)                                                        23

   The First Circuit left open the question of whether
"something less than instigation might suffice" to satisfy the
word use as utilized in the statute, holding instead that there
was enough evidence for a reasonable jury to infer that
Petitioner "instigated at least some of the conduct." Ortiz-
Graulau, 526 F.3d at 19. But according to its ordinary meaning,
use requires less than instigation. Instigation is defined as
"[t]he action of… goading; an urging, spurring, or setting on;
incitement, stimulation." Oxford English Dictionary,
Instigation, http://www.oed.com/view/Entry/97072 (last visited
Aug. 2, 2012). That is, instigation denotes active encouragement
or provocation by a defendant. Our definition of use, on the
other hand, requires only that a defendant avail himself of a
minor for the purpose of taking sexually explicit photographs.
Under this interpretation, it is irrelevant whether it was the
defendant or someone else who first suggested the photos, or
whether the minor wanted to be the subject of them. See United
States v. Street, 531 F.3d 703, 709 (8th Cir. 2008) (holding
that there was no error in a jury instruction stating that "[a]
minor's seemingly voluntary participation in sexually explicit
conduct and/or in producing images of such conduct is not a
defense" to a charge of production).

   In light of the First Circuit's holding that the evidence
was enough for a jury to infer that Ortiz-Graulau instigated

                                -23-

some of the sexual conduct, the evidence must also be sufficient for a jury to infer that Ortiz-Graulau used SMN.[14] Accordingly, we now hold a reasonable jury could find that Ortiz-Graulau used the minor to create a visual depiction of sexually explicit conduct and that, therefore, the admission of SMN's testimony as to who suggested the conduct or her willingness to participate would have no effect on the probability that the result of the proceeding would have been different.

Concerning the argument that Petitioner's marriage-like relationship with the minor falls outside the likely purview of Congress when it enacted 18 U.S.C. § 2251(a), this Court is likewise unconvinced. Petitioner relies heavily on dicta contained in the Morales-De Jesús First Circuit opinion, which left open the possibility for as-applied challenges to the statute, "particularly if the circumstances involved did not implicate child exploitation." United States v. Poulin, 631 F.3d 17, 21 (1st Cir. 2011) (citing Morales-De Jesús, 372 F.3d at 18). The Circuit listed "the age of the minor, the relationship

---

[14] Again, Petitioner admitted to having taken many of the photographs. Ortiz-Graulau, 526 F.3d at 19. Furthermore, "the difference in ages … and the fact that Ortiz[-Graulau] participated in some of the sexual contact" further buttresses the conclusion that Petitioner used the minor. Id. at 18-19. Moreover, even if the Circuit were to hold that some instigation is required under the use category of the statute, it already affirmed Petitioner's conviction, concluding that the evidence was sufficient for a reasonable jury to find that Ortiz-Graulau instigated some of the conduct. Id.

CIVIL NO. 09-1387(JAG)                                          25

between the defendant and the minor, the nature of the allegedly sexually explicit conduct, and the nature of the visual depiction of that conduct" as factors relevant to this inquiry. Morales-De Jesús, 372 F.3d at 18. Nevertheless, consideration of these factors leads to the conclusion that the conduct Petitioner was charged for is indeed the kind of conduct Congress intended to make criminal.

The example presented by the First Circuit in Ortiz-Graulau sets the stage for the Court's analysis. The Circuit described a situation in which "a husband and a wife [] take intimate photographs of each other for their private use." Ortiz-Graulau, 526 F.3d at 19. In light of "constitutional objections based on marital or consenting-adult privacy rights," the First Circuit reasoned that Congress likely did not intend to criminalize such behavior, "even if the instigator were twenty-one and the other spouse seventeen, thus falling within the plain terms of the statute's prohibition." Id. But the example provided is quite different from the facts of the case before us. First, Petitioner is twenty-four years older than SMN, who was merely fourteen at the time the pictures were taken. (Docket No. 42 at 2). Secondly, and as the First Circuit noted, Petitioner and SMN were not legally married. Ortiz-Graulau, 526 F.3d at 20. Furthermore, after a search of his house, the authorities found over fifty sexually explicit photographs of SMN, not just a

small number of them. Id. at 18. This conduct is plainly within the bounds of what Congress likely intended to criminalize by enacting 18 U.S.C. § 2251(a).[15] Moreover, the constitutional privacy protections that the First Circuit mentioned, afforded to married couples and adults, are not applicable to this case. Accordingly, admitting evidence on Petitioner's marriage-like relationship with the minor would not have altered the probability that the outcome of the trial would have been different. Thus, Petitioner's ineffective assistance of counsel claim with regard to his counsel's performance on appeal fails.

---

[15] The First Circuit, citing cases from other circuits, left open the possibility of as-applied challenges to § 2251(a). Morales-De Jesús, 372 F.3d at 18-21. In Corp, the Sixth Circuit reversed a conviction under the possession of child pornography statute holding that, because the defendant lacked intent to distribute or share the picture, the conduct "was not of a type demonstrated substantially to be connected or related to interstate commerce…." United States v. Corp, 236 F.3d 325, 332 (6th Cir. 2001), abrogated by United States v. Corp, 668 F.3d 379 (6th Cir. 2012). Nevertheless, in its examination of the case, the First Circuit emphasized the Sixth Circuit's dicta noting that the facts involved a single photograph of "a seventeen-year-old girl, taken shortly before her eighteenth birthday, engaging in consensual sexual activity" with a twenty-six-year-old female. Id. at 326. In McCoy, similarly, the Ninth Circuit reversed a conviction under the possession statute. United States v. McCoy, 323 F.3d 1114, 1133-32 (9th Cir. 2003), overruled by United States v. Gallenardo, 579 F.3d 1076 (9th Cir. 2009). That Circuit also based its holding on the defendant's lack of economic or commercial intent. Id. However, in its discussion, the First Circuit underlined the Ninth Circuit's dicta noting that McCoy involved a single picture that had been taken by the minor's intoxicated parent. Id. Even when the First Circuit's as-applied factors were based on other circuits' dicta, the facts of Corp and McCoy are distinguishable from the facts of this case, which involves a fourteen year-old girl and fifty pornographic photographs.

CIVIL NO. 09-1387(JAG)                                                    27

### 2.   Petitioner's Other Constitutional Claims

Petitioner raised three other constitutional claims in his § 2255 motion: that the Court did not allow him to present a defense; that the United States failed to prove a federal criminal offense; and that Ortiz-Graulau was actually innocent. (Docket Nos. 33, 50). According to the discussion above, however, all of these claims fail.

Petitioner argues that, by excluding the testimony of SMN at trial, this Court unconstitutionally undermined his right to present a complete defense. (Docket No. 33 at 9-15). Specifically, Petitioner contends that SMN's testimony would have shown the jury "that, far from being 'coerced,' or 'enticed,' or even 'used,' to take the photos at issue, the pictures were every bit [SMN's] idea, and her possession, as [Ortiz-Graulau's]." (Id. at 11). Nevertheless, the Court already held that the term use is met when a minor serves as the subject of pornographic pictures. Furthermore, the First Circuit concluded that, given the twenty-four-year age difference between them and the fact that Petitioner had sex with SMN and took many of the photographs, the jury could reasonably infer that Petitioner instigated SMN into producing those pictures. Ortiz-Graulau, 526 F.3d at 19.

Petitioner then contends that the Government failed to prove the federal criminal offense with which he was charged.

-27-

(Docket No. 33 at 28). Specifically, Petitioner argues that the conduct he was charged for "falls squarely onto the behavior that should be protected by the constitutional concerns outlined in [Morales-De Jesús]." (Id.). Nevertheless, his arguments as to the lawfulness of his relationship with the minor and his reference to the minor's testimony that she wanted to be in the pictures are unavailing. The Court already concluded that the constitutional privacy protections, afforded to married couples and consenting adults, are not applicable to this case. Again, Petitioner and SMN, who was fourteen years old, were never legally married.

Finally, Petitioner brings a claim of actual innocence. (Id. at 29-30). He contends that he was not aware of the illegality of his actions, and that this fact should have been presented to the jury. (Id.). This claim fails given that, as the First Circuit concluded in Ortiz-Graulau, "neither the statute nor precedent suggests that this is a rare instance in which ignorance of the law is a defense." 526 at 19.

## CONCLUSION

For the reasons stated above, Petitioner's motion for post-conviction relief, (Docket No. 1), is hereby **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of August, 2012.

S/ Jay A. García-Gregory

**CIVIL NO.** 09-1387(JAG)                                          29

                              JAY A. GARCÍA-GREGORY
                            United States District Judge